# CLARENCE A. WEEKER AS ADMINISTRATOR OF THE ESTATE OF VERNON C. WEEKER, DECEASED v. DR. C. HAMEL AND DR. F. C. RODDA.[1]

## November 10, 1921.

## No. 22,472.

**Physician and surgeon.**

Action against physicians for their negligence in diagnosing ailment of young child and for operating on the child without the consent of the parents. At the close of plaintiff's testimony the court directed a verdict in favor of defendants. From an order denying a new trial, plaintiff appealed. Affirmed for entire failure of proof showing actionable negligence. [Reporter.]

Action in the district court for Hennepin county to recover $7,500 for the death of plaintiff's minor intestate. The case was tried before Molyneaux, J., who when plaintiff rested granted defendants' motion for a directed verdict on the ground that plaintiff had wholly failed to establish a cause of action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Lewis Severance*, for appellant.

*Dille, Hoke, Krause & Faegre*, for respondents.

PER CURIAM.

At the close of plaintiff's evidence, the court directed a verdict for defendants and plaintiff appealed from an order denying a new trial.

Plaintiff sought to recover damages for the death of his infant child on the ground that defendants, as physicians and surgeons, negligently failed to diagnose the ailment of the child correctly and treated it improperly. We are unable to find any evidence in the record tending to show that defendants' diagnosis was incorrect or their treatment improper. We also fail to find any error in the rulings of the court admitting or excluding evidence.

[1]Reported in 184 N. W. 1025.

Plaintiff urges that an operation was performed on the child without the consent of its parents. After one of defendants had treated the child for two or three weeks, at their suggestion, it was taken to a hospital by its parents where some sort of an operation seems to have been performed. The nature and extent of the operation do not appear, but apparently it consisted in opening an abscess in the neck or throat of the child. Neither does it appear who performed the operation, nor whether either of defendants were present or had anything to do with it. The action is brought under section 8175, G. S. 1913, which provides that "when death is caused by the wrongful act or omission of any person" the personal representative of the decedent may maintain an action therefor. There is no evidence that this operation was not necessary and proper treatment and properly performed, or that it had any part in causing the death of the child.

There is an utter absence of proof tending to show actionable negligence on the part of either defendant, and the order denying a new trial is affirmed.